Geaham, Judge,
delivered the opinion of the court:
Plaintiff filed its income and excess-profits tax returns for the years 1917, 1918, 19Í9, and 1920, and paid to the Government the amounts shown by the returns to be due for those years. Thereafter the plaintiff recéived notice of a proposed additional assessment of income and excess-profits taxes based upon an audit of said returns, which excluded the total value of certain contract^ and good will from invested capital for each of said years. Plaintiff paid under protest the additional taxes in the sum of $5,436.45, and on or about September 11, 1924, it filed a claim with the Commissioner of Internal Revenue for a refund of that amount. The Commissioner having failed to render a decision within six months, suit was brought in this court.
Prior to the levying of the additional assessment the Internal Revenue Bureau, through' one of its agentjs, made an investigation of the income and excess-profits tax liability of the plaintiff for the said years, and in his report allowed such contracts and good will to be included in the invested capital for the year 1917 in the sum of $35,207.50, and for each of the years 1918, 1919, and 1920 in the sum of $44,009.38. These amounts were arrived at by applying the statutory limitation by which the amount included in the invested capital for intangibles was for 1917 limited to 20 per cent of the outstanding capital stock on March 3, 1917, and for 1918, 1919, and 1920, 25 per cent. This report was forwarded to the Commissioner of Internal Revenue at Washington, D. C.
The only question raised at the hearing of this case was the cash value of the contracts and good will.
Sec. 207 of the revenue act of 1917, 40 Stat. 800, defines invested capital and what shall be included therein as follows:
“(b) The good will, trade-marks, trade brands, the franchise of a corporation or partnership, or other intangible property shall be included as invested capital if the corpora *337 tion or partnership made payment bona fide therefor specifically as such in cash or tangible property, the value of such good will, trade-mark, trade brand, franchises, or intangible property not to exceed the actual cash or actual cash value of the tangible property paid therefor at the time of such payment ; but good will, trade-mark, trade brands, franchise of a corporation or partnership, or other intangible property bona fide purchased prior to March third, nineteen hundred and seventeen, for and with interest or shares in a partnership or for and with shares in the capital stock of a corporation (issued prior to March third, nineteen hundred and seventeen) , in an amount not to exceed ,on March third, nineteen hundred and seventeen, twenty per centum of the total interests or shares in the partnership or of the total shares of the capital stock of the corporation, shall be included in invested capital at a value not to exceed the actual cash value at the time of such purchase, and in case of issue of stock therefor not to exceed the par value of such stock.”
The court has found that the cash value of the contracts and good will for the year 1917 was $35,207.50, and for each of the years 1918,1919, and 1920 was $44,009.38. The plaintiff is therefore entitled to judgment for the taxes paid on account of the additional assessment, aggregating $5,436.45,. with interest, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbelu, Ohief Justicer concur.